1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  STEVEN G. WARNER, State Bar No. 239269
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5747
     Fax: (415) 703-5843
8    Email:  Steven.Warner@doj.ca.gov

9  Attorneys for Respondent Warden Ben Curry
   SF2007403222
10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

| | |
|---|---|
| 15  **SALVATORE GRAFFAGNINO,** | C07-3728 JSW |
| 16                        Petitioner, | **ANSWER TO ORDER TO SHOW** |
| 17             v. | **CAUSE; MEMORANDUM OF** **POINTS AND AUTHORITIES** |
| 18  **BEN CURRY, WARDEN,** | |
| 19                      Respondent. | Judge:  The Honorable Jeffrey S. White |

20

21      In this habeas corpus action, state inmate Salvatore Graffagnino contends that the Governor

22  unconstitutionally reversed the Board of Parole Hearings' 2005 parole grant.

23      This Court issued an order to show cause on November 20, 2007.  Respondent Warden Ben

24  Curry answers as follows:

25                              **ANSWER**

26      Respondent hereby admits, denies, and alleges the following in response to the petition for

27  writ of habeas corpus filed in this Court on July 19, 2007:

28  ///

Answer to Order to Show Cause; Mem. of P. & A.                    *Graffagnino v. Curry*
                                                                Case No. C07-3728 JSW

1.   Respondent affirmatively alleges that Graffagnino is lawfully in the custody of the California Department of Corrections and Rehabilitation following his February 11, 1991 conviction for second-degree murder. (Ex. 1, Report – Indeterminate Sentence.) He is currently serving an indeterminate sentence of fifteen years to life. (*See id.*) Graffagnino does not challenge this conviction in the instant action.

2.   Graffignino was convicted of second-degree murder for fatally stabbing a man whom a woman accused of rape. (Ex. 2, Probation Officer's Report at 2, 4, 5, 6.) Before the stabbing the alleged rape victim approached two cars (one containing Graffagnino) for help, and the cars' occupants responded by saying "we'll kill him," and driving toward the accused rapist's car, where the murder took place. (*Id.* at 6.)

3.   Respondent admits that the Board of Parole Hearings found Graffagnino suitable for parole on December 9, 2005. (Ex. 3, Subsequent Parole Consideration Hearing [Transcript], at 53.) Respondent further admits that on May 3, 2006, the Governor reversed the Board's parole suitability finding pursuant to California Penal Code section 3041.2. The Governor relied on the commitment offense alone in reversing the Board's parole grant. (Ex. 4, Indeterminate Sentence Parole Release Review at 2.) Specifically, the Governor found that the second-degree murder for which Graffagnino was convicted was especially grave because the victim was vulnerable, outnumbered, and killed in an exceedingly brutal manner. (*Id.*) Moreover, the Governor relied on statements Graffagnino made to friends after the murder in finding that the murder was carried out with extreme callousness, and ultimately concluded that Graffagnino's release from prison would pose an unreasonable public-safety risk. (*Id.*)

4.   Respondent admits that Graffagnino filed a petition in Monterey County Superior Court generally alleging the same claims that he alleges here. (Ex. 4, Pet. for Writ of Habeas Corpus.[1]) Respondent further admits that the Monterey County Superior Court denied Graffagnino's petition for writ of habeas corpus on May 19, 2006. (Ex. 5, Order.)

---

1. To avoid a voluminous and repetitive filing, Respondent does not include the exhibits to any of the state court habeas petitions as exhibits to this Answer. Respondent will gladly provide this Court with its copies of those exhibits upon request.

Answer to Order to Show Cause; Mem. of P. & A.

*Graffagnino v. Curry*
Case No. C07-3728 JSW

1    6.   Respondent admits that Graffagnino filed a petition in the California Court of Appeal

2  generally alleging the same claims that he alleges here.  (Ex. 6, Pet. for Writ of Habeas Corpus.)

3  Respondent further admits that the California Court of Appeal summarily denied Boone's

4  petition for writ of habeas corpus on January 12, 2007.  (Ex. 7, Order.)

5    7.   Respondent admits that Graffagnino filed a petition for review in the California

6  Supreme Court generally alleging the same claims that he alleges here.  (Ex. 8, Pet. for Writ of

7  Habeas Corpus.)  Respondent further admits that the California Supreme Court summarily

8  denied Graffagnino's petition on April 18, 2007.  (Ex. 9, California Supreme Court Denial.)

9  Respondent also admits that Graffagnino thus exhausted his state court remedies in regard to the

10  claims alleged here stemming from the Governor's 2006 reversal.  However, Respondent denies

11  that Graffagnino exhausted his claims to the extent that they are more broadly interpreted to

12  encompass any systematic issues beyond the 2006 reversal.

13    8.   Respondent preserves the argument that Graffagnino does not have a federally

14  protected liberty interest in parole.  *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*,

15  442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by unique

16  structure and language of state parole statute); *In re Dannenberg*, 104 P.3d 783, 796-97 (Cal.

17  2005) (California's parole scheme is a two-step process that does not impose a mandatory duty to

18  grant life inmates parole before a suitability finding); and *Sandin v. Connor*, 515 U.S. 472, 484

19  (1995) (no federal liberty interest in parole because serving a contemplated sentence does not

20  create an atypical or significant hardship compared with ordinary prison life).  *Contra Sass v.*

21  *Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) (holding that California inmates

22  have a federally protected liberty interest in a parole date).

23    9.   Respondent denies that the state courts' denials of habeas corpus relief were contrary

24  to, or involved an unreasonable application of, clearly established United States Supreme Court

25  law, or that the denials were based on an unreasonable interpretation of facts in light of the

26  evidence presented.  Graffagnino therefore fails to make a case for relief under AEDPA.

27    10.   Respondent affirmatively alleges that Graffagnino had an opportunity to present his

28  case to the Board, and that the Governor provided him with a detailed explanation for his

Answer to Order to Show Cause; Mem. of P. & A.                                *Graffagnino v. Curry*
                                                                              Case No. C07-3728 JSW

1    reversal. Thus, Graffagnino received all process due under *Greenholtz*, the only clearly

2    established federal law regarding inmates' due process rights in a parole setting.

3        11.  Respondent affirmatively alleges that the Governor considered all relevant and reliable

4    evidence before him, and that some evidence supports his decision. Respondent denies that the

5    Governor's findings violate Graffagnino's due process rights for this reason. Respondent denies

6    that the correct application of the some-evidence test is whether some evidence indicates

7    Graffagnino is a current danger. *In re Rosenkrantz*, 59 P.3d 174, 214 (Cal. 2002) (noting that the

8    Court "consider[ed] whether some evidence supports the factual basis for the Governor's

9    decision").  However, Respondent further affirmatively alleges that the some-evidence standard

10    does not apply in federal habeas proceedings challenging parole reversals, and that the some-

11    evidence test is only clearly established federal law in the prison disciplinary context.

12        12.  Respondent affirmatively alleges that the Governor properly considered the gravity of

13    Graffagnino's commitment offense as required of the Board under California Penal Code section

14    3041(b) (the Governor's review was properly guided by the same considerations that informed

15    the Board's review). Respondent further affirmatively alleges that the Governor may rely *solely*

16    on the circumstances of the commitment offense in reversing parole. *See Dannenberg, supra*,

17    104 P.3d at 802-03 (same finding as to Board's denial). Respondent denies that the commitment

18    offense has lost its predictive value and is no longer evidence of Graffagnino's current risk of

19    danger to society.

20        13.  Respondent denies that the Governor's reversal is arbitrary or that the Governor failed

21    to follow relevant regulations. Respondent affirmatively alleges that it is irrelevant whether

22    Graffagnino or any court disagrees with the weight that the Governor gave to evidence of

23    Graffagnino's rehabilitation. *See Rosenkrantz, supra*, 59 P.3d at 217 (finding that "the precise

24    manner in which the specified factors relevant to parole suitability are considered and balanced

25    lies within the discretion of the Governor" and noting that "[i]t is irrelevant that a court might

26    determine that evidence in the record tending to establish suitability for parole far outweighs

27    evidence demonstrating unsuitability for parole"). Respondent denies that the Governor is

28    required to offer evidence linking Graffagnino's past action to a state of present dangerousness.

Answer to Order to Show Cause; Mem. of P. & A.                                    *Graffagnino v. Curry*
                                                                        Case No. C07-3728 JSW

1  *In re Smith*, 7 Cal. Rptr. 3d 655, 676 (Cal. Ct. App. 2003) (noting that "a determination of

2  unsuitability is simply shorthand for a finding that a prisoner currently would pose an

3  unreasonable risk of danger if released at this time") (citation omitted).

4      14.  Respondent denies that the Governor's reversal impermissibly punished Graffagnino

5  on the basis of acts committed by his crime partners.  Respondent affirmatively alleges that

6  Graffagnino and his crime partners are equally responsible for the murder.  *See In re Bettencourt*,

7  67 Cal. Rptr. 3d 497, 510 (Cal. Ct. App. 2007) (finding petitioner equally culpable for a murder

8  under the principles of accomplice liability even though he did not actually stab the victim to

9  death).

10     15.  Respondent denies that the evidentiary rules prohibiting hearsay evidence apply to

11  factual determinations made by the Governor in parole reversals.  Respondent further denies that

12  the Governor's factual determinations must be based only on evidence presented at trial.  *See*

13  *Rosenkrantz*, *supra*, 59 P.3d at 219 (finding that "[t]he circumstance that the jury, for whatever

14  reason, did not find beyond a reasonable doubt such premeditation and deliberation does not

15  preclude the Governor from considering such evidence in exercising his discretion whether to

16  reverse a Board decision granting parole") (citation omitted).

17     16.  Respondent denies that Graffagnino has exceeded his minimum term under *Irons v.*

18  *Carey*, 505 F.3d 846 (9th Cir. 2007).  Respondent affirmatively alleges that *Irons* is not clearly

19  established United States Supreme Court law under AEDPA, and that the case contains only

20  dicta – not a holding – about an inmate's unsuitability beyond his minimum term because the

21  Ninth Circuit upheld the parole denial.  *See id.* at 853-54.

22     17.  Respondent admits that Graffagnino's claims are timely under 28 U.S.C. § 2244(d)(1)

23  (2000), and are not barred by any other procedural defense.

24     18.  Respondent affirmatively alleges that an evidentiary hearing is unnecessary in this

25  matter.

26     19.  Respondent denies that Graffagnino is entitled to the release date ordered by the Board.

27     20.  Respondent affirmatively alleges that Graffagnino establishes no grounds for habeas

28  relief.

Answer to Order to Show Cause; Mem. of P. & A.                    *Graffagnino v. Curry*
                                                                  Case No. C07-3728 JSW

21. Except as expressly admitted above, Respondent denies every allegation in the petition, and specifically denies any violation of Graffagnino's administrative, constitutional, or statutory rights.

Thus, Respondent requests that this Court deny the petition and dismiss these proceedings.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ARGUMENT

**THE STATE COURTS' DENIALS OF GRAFFAGNINO'S HABEAS PETITION WERE NEITHER CONTRARY TO OR AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW, NOR BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS.**

Under AEDPA, a federal court may grant a writ of habeas corpus on a claim that a state court already adjudicated on the merits only if the state court's adjudication was either: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2) (2000). The state court decisions denying Graffagnino's claim for habeas relief were neither contrary to or an unreasonable application of federal law, nor were they based on an unreasonable determination of the facts in light of the evidence presented. Therefore, Graffagnino fails to establish a violation of AEDPA standards, and the state courts decisions must stand.

**A.   The State Court Decisions Were Not Contrary to Clearly Established Federal Law.**

In *Greenholtz*, the United States Supreme Court established the due process protections required in a state parole system. The Court held that the only process due at a parole consideration hearing is an opportunity for the inmate to present his case, and an explanation for a parole denial. *Greenholtz*, 442 U.S. at 16. Graffagnino's claim fails because he received both of these protections.

At his hearing, Graffagnino had an opportunity to present his case to the Board and he later received an explanation as to why the Governor reversed the Board's parole grant. (*See*

Answer to Order to Show Cause; Mem. of P. & A.

*Graffagnino v. Curry*
Case No. C07-3728 JSW

6

1  *generally* Ex. 3; Ex. 4 at 2-3.) Graffagnino does not contend otherwise in his petition. Thus, the

2  state courts properly upheld the Governor's reversal – and the petition should be denied –

3  because Graffagnino received all process due under *Greenholtz*.

4      Moreover, the some-evidence standard does not apply in federal habeas proceedings

5  challenging parole reversals. The United States Supreme Court recently reiterated that for

6  AEDPA purposes, "clearly established federal law" refers only to the holdings of the nation's

7  highest court on the specific issue presented. *Carey v. Musladin*, __ U.S. __, 127 S. Ct. 649, 653

8  (2006). In *Musladin*, a convicted murderer filed a federal habeas petition after a state appeals

9  court upheld the victim's family members' wearing of buttons with the victim's photograph on

10  them during the trial as not inherently or actually prejudicial under two United State Supreme

11  Court cases. *Id.* at 651-52. The Court of Appeals for the Ninth Circuit reversed, noting that the

12  state court's decision was contrary to, or involved an unreasonable application of, clearly

13  established federal law – the prejudice test in the two United State Supreme Court cases. *Id.* at

14  652. In vacating the Ninth Circuit's decision, the Supreme Court stated that the cases that the

15  Ninth Circuit relied on involved state-sponsored courtroom practices – making a defendant wear

16  prison clothing during trial in one and seating four uniformed troopers behind a defendant on trial

17  in the other – that were unlike the private action of the victim's family members' wearing of

18  buttons. *Id.* at 653-54. The *Musladin* Court further noted that the two cases were not clearly

19  established federal law on the issue at hand because the United States Supreme Court "has never

20  addressed a claim that such private-actor courtroom conduct was so inherently prejudicial that it

21  deprived a defendant of a fair trial." *Id.* at 653. Consequently, the Court held that the Ninth

22  Circuit erred by importing a federal test for prejudicial state action in a courtroom to private

23  spectators' courtroom conduct. *Id.* at 654.

24      Recently, in *Schriro v. Landrigan*, __ U.S. __, 127 S. Ct. 1933, 1942 (2007), the United

25  States Supreme Court again factually distinguished two of its cases that the Ninth Circuit cited in

26  holding that the state court unreasonably applied clearly established federal law when finding

27  ineffective assistance of counsel claims frivolous. In *Landrigan*, a criminal defendant questioned

28  by the judge told the court that he did not want mitigating evidence presented (his attorney

Answer to Order to Show Cause; Mem. of P. & A.                    *Graffagnino v. Curry*
                                                                  Case No. C07-3728 JSW

7

1  advised otherwise). *Id.* at 1937-38. The United States Supreme Court reasoned that the two

2  cases that the Ninth Circuit relied on were not clearly established federal law by distinguishing

3  them factually. *See id.* at 1942. The Court noted that one case involved an attorney's failure to

4  provide mitigating evidence, while the other case concerned a defendant who refused to help

5  develop mitigating evidence. *Id.*

6       Likewise, the Ninth Circuit has recently affirmed this principle in a number of cases. For

7  instance, in *Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007), the Ninth Circuit affirmed

8  the district court's denial of a petition alleging ineffective assistance of appellate counsel based

9  on an alleged conflict of interest because no Supreme Court case has held that such an

10  irreconcilable conflict violates the Sixth Amendment. Similarly, in *Nguyen v. Garcia*, 477 F.3d

11  716 (9th Cir. 2007), the Ninth Circuit upheld the state appellate court's decision – refusing to

12  apply *Wainwright v. Greenfield*, 474 U.S. 284 (1986) to a competency hearing – as not contrary

13  to clearly established federal law because the Supreme Court has not held that *Wainwright*

14  applies to competency hearings. *Id.* at 718, 727. Moreover, in *Locke v. Cattell*, 476 F.3d 46 (9th

15  Cir. 2007), the Ninth Circuit affirmed the denial of a petition based on a proposed violation of

16  *Miranda v. Arizona*, 384 U.S. 436 (1966) because the state court's decision denying relief was

17  not unreasonable under AEDPA. *Cattell*, 476 F.3d at 53. The court reasoned that no Supreme

18  Court case supported petitioner's contention that his admission to a crime transformed a police

19  interview into a custodial interrogation. *Id.* Lastly, the Ninth Circuit recently reiterated that in

20  regards to clearly established federal law, "[w]hat matters are the holdings of the Supreme Court,

21  not the holdings of lower federal courts." *Plumlee v. Masto*, ___ F.3d ___, No. 04-15101, 2008

22  U.S. App. LEXIS 985, *14 (9th Cir. January 17, 2008).

23       Similarly, given that *Hill* applied the some-evidence test to a prison disciplinary hearing and

24  Graffagnino contests a parole reversal, the some-evidence test does not apply to this case.

25  Because *Greenholtz* is the *only* United States Supreme Court authority describing the process due

26  at a parole consideration hearing when an inmate has a federal liberty interest in parole, the

27  *Greenholtz* test, not the some-evidence test, should apply in this proceeding. Regardless,

28  Respondent recognizes that the Ninth Circuit has held otherwise, most recently in *Irons v. Carey*,

Answer to Order to Show Cause; Mem. of P. & A.                                   *Graffagnino v. Curry*
                                                                                 Case No. C07-3728 JSW

8

1   505 F.3d 846 (9th Cir. 2007), and will argue this case accordingly.

2       **B.    The State Court Decisions Upholding the Governor's Parole Reversal Were a Reasonable Application of Clearly Established Federal Law.**

3

4       Assuming that Graffagnino has a federally protected liberty interest in parole and that the

5   "minimally stringent" some-evidence test applies, the requirements of due process are satisfied if

6   there is "any evidence in the record that could support the conclusion reached by the disciplinary

7   board." *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (applying some-evidence test to

8   prison disciplinary hearing).  The some-evidence test "does not require examination of the entire

9   record, independent assessment of the credibility of witnesses, or weighing of the evidence;"

10  rather, it assures that "the record is not so devoid of evidence that the findings of the . . . board

11  were without support or otherwise arbitrary." *Hill*, 472 U.S. at 455, 457.  Thus, both the

12  "reasonable application" standard of AEDPA and the *Hill* some-evidence test are very minimal

13  standards.

14      When, as here, the California Supreme Court denies a petition for review without

15  comment, the federal court looks to the last reasoned decision as the basis for the state court's

16  judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991).  In this case, the last reasoned

17  decision is the Monterey County Superior Court decision denying Graffagnino's habeas claim.

18  (Ex. 6.)  The court found that "it cannot be said that the Governor's decision was not based upon

19  'some evidence' in the record that Petitioner would pose a threat to public safety if released on

20  parole at this juncture." (*Id.* at 3.)  Furthermore, the court noted that "[t]he Decision was not

21  based solely on the circumstances of the commitment offense . . . as Petitioner has suggested"

22  because "[i]t is abubdantly clear that the Governor considered each factor contained in the

23  applicable regulations." (*Id.* at 2.)  Finally, the court noted that "[i]t is just as proper for the

24  Governor as for any other reviewing body to base a parole suitability decision, in part, on aspects

25  of the commitment offense." (*Id.*)  Therefore, Graffagnino's claims fail because these findings

26  were a reasonable application of the *Hill* some-evidence standard.

27      Moreover, Graffagnino's contention – citing *Biggs* and other cases – that the commitment

28  offense has lost its predictive value and may violate due process if relied on to deny parole after

Answer to Order to Show Cause; Mem. of P. & A.                                *Graffagnino v. Curry*
                                                      Case No. C07-3728 JSW

1   the initial hearing does not make the state courts' application of the some-evidence test

2   unreasonable. (Pet. at 14-16.) In *Biggs*, 334 F.3d at 917, the Ninth Circuit stated that the

3   Board's continued reliance on an unchanging factor to deny parole "could result in a due process

4   violation." However, the *Biggs* court did not definitively indicate that reliance on an unchanging

5   factor necessarily violates due process, only that it possibly could. The court praised Biggs for

6   being "a model inmate," and found that the record was "replete with the gains Biggs has made,"

7   including a master's degree in business administration. *Id.* at 912. Nonetheless, the court denied

8   habeas relief because some evidence supported the Board's decision to deny parole based solely

9   on the commitment offense.

10      Most importantly, the statement in *Biggs* is merely circuit court dicta, and not clearly

11  established federal law sufficient to overturn a state court decision under AEDPA. *Crater v.*

12  *Galaza*, 491 F.3d 1119, 1126 (9th Cir. 2007) (holding that AEDPA "renders decisions by lower

13  courts non-dispositive for habeas appeals"). The Ninth Circuit recently emphasized that *Biggs*

14  does not contain mandatory language, and that "[u]nder AEDPA, it is not our function to

15  speculate about how future parole hearings could proceed." *Sass*, 461 F.3d at 1129. The *Sass*

16  court then rejected the argument that the Board's reliance on "immutable behavioral evidence" to

17  deny parole violated federal due process.[2] *Id.* Although the Ninth Circuit recently revisited this

18  issue again in *Irons* dicta, it held there that despite "substantial" evidence of rehabilitation, the

19  Board acted properly within its discretion in continuing to rely on the circumstances of the

20  inmate's offense to deny parole. *Irons v. Carey*, 505 F.3d 846, 853-54 (9th Cir. 2007). Thus,

21  *Biggs* does not preclude the Governor from using the circumstances of the commitment offense

22  to reverse a parole grant, nor may its dicta be used to overturn a valid state court decision.

23  ///

24

---

25      2. This Court has also recognized that the Board may properly rely on static factors to deny
26  parole. In a recent decision, this Court noted that "[p]ast criminal conduct is not some arbitrary
    factor like eye color that has nothing to do with present dangerousness. Recidivism concerns are
27  genuine. California's parole scheme does not offend due process by allowing the [Board] to predict
    that an inmate presents a present danger based on a crime he committed many years ago." *Hill v.*
28  *Kane*, 2006 WL 3020923 at *3 (Oct. 26, 2006) (N.D. Cal.) (citations omitted).

Answer to Order to Show Cause; Mem. of P. & A.                    *Graffagnino v. Curry*
                                                                  Case No. C07-3728 JSW

1   **C.   The State Court Decisions Upholding the Governor's Parole Reversal Were Based on a Reasonable Interpretation of the Facts in Light of the Evidence Presented.**

2

3        The second standard under AEDPA is that state court habeas decisions must be based on

4   a reasonable determination of the facts in light of the evidence presented. 28 U.S.C. §

5   2254(d)(2). Graffagnino bears the burden of proving that the state courts' factual determinations

6   were objectively unreasonable. 28 U.S.C. § 2254(e)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1270

7   (9th Cir. 2005). In his petition Graffagnino fails to prove that the state courts' upholding of the

8   Governor's reversal was based on objectively unreasonable factual determinations.

9        Here, the state court properly found that some evidence supported the Governor's

10   reversal. (Ex. 6 at 3.) The Governor relied on facts from the probation report in finding that the

11   gravity of the commitment offense alone was sufficient to reverse the Board's parole grant. (Ex.

12   4 at 1, 2; *see generally* Ex. 2.)

13        The state courts' upholding of the Governor's reversal is both supported by the record and

14   a reasonable interpretation of the evidence presented. Accordingly, the state courts' denials of

15   habeas relief meet AEDPA standards, and there are no grounds for this Court to overturn the

16   decisions. The petition for writ of habeas corpus should be denied.

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

## CONCLUSION

2        To invalidate the Governor's parole reversal under AEDPA, Graffagnino must show that

3  the state court decisions denying habeas relief were contrary to, or an unreasonable interpretation

4  of, clearly established Supreme Court law, or that the decisions involved unreasonable factual

5  determinations. Graffagnino fails to make these showings. First, Graffagnino received all

6  process due under *Greenholtz*, the only clearly established federal law specifying due process in a

7  parole setting. Second, the state court decisions denying Graffagnino parole did not apply the

8  some-evidence standard in a manner involving an unreasonable application of United States

9  Supreme Court law, nor did they involve unreasonable factual determinations, because some

10  evidence supports the Governor's reversal. As a result, Respondent respectfully requests that this

11  Court deny Graffagnino's petition for writ of habeas corpus.

12        Dated: February 22, 2008

13                      Respectfully submitted,

14                      EDMUND G. BROWN JR.
Attorney General of the State of California

15                      DANE R. GILLETTE
Chief Assistant Attorney General

16

17                      JULIE L. GARLAND
Senior Assistant Attorney General

18                      ANYA M. BINSACCA
Supervising Deputy Attorney General

19

20

21

22                      STEVEN G. WARNER
Deputy Attorney General
Attorneys for Respondent

23

24

25

26

27

28  40219540.wpd

Answer to Order to Show Cause; Mem. of P. & A.

*Graffagnino v. Curry*
Case No. C07-3728 JSW

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Graffagnino v. Curry**

No.:   **U. S. D. C., N. D., S. F. DIV., C 07-3728 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made.  I am 18 years of age or
older and not a party to this matter.  I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
States Postal Service.  In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
Postal Service that same day in the ordinary course of business.

On **February 22, 2008**, I served the attached

**ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS
AND AUTHORITIES WITH EXHIBITS 1 - 10**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid,
in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate
Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Salvatore Graffagnino, E-89844**
**Correctional Training Facility**
**P.O. Box 705**
**Soledad, CA  93960**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on **February 22, 2008**, at San Francisco,
California.

| | |
|---|---|
| J. Baker | |
| Declarant | Signature |

40220922.wpd