**EXHIBIT 6**

FILED

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

LISA K. GALDOS
CLERK OF THE SUP...
K. Hanson

In re                                  ) Case No.: HC 5446
                                       )
   Salvatore Graffagnino (E-89844)     ) ORDER
                                       )
           On Habeas Corpus.          )

      Petitioner challenges the decision made by the Governor to reverse Petitioner's grant of parole. He contends that the Governor's decision was improperly based upon the unchanging factors of the commitment offense, was not based upon the same factors considered by the Board, and was therefore arbitrary and capricious. *In re Rosenkrantz* (2002) 29 Cal.4th 616, 668. Petitioner seeks immediate release, or to have the Governor's decision vacated and remanded to the Board of Prison Hearings.

      Petitioner entered a plea of guilty in the Monterey County Superior Court of second degree murder in the stabbing death of a young man. On March 14, 1991, Petitioner was sentenced to a term of 15 years to life imprisonment.

      On December 9, 2005, Petitioner appeared before the Board of Prison Hearings for his third subsequent parole consideration hearing. The Board found Petitioner suitable for parole, and set his base offense term at 20 years. Board members reminded Petitioner that their decision could be reversed by the Decision Review Unit, the full Board sitting en banc, or the Governor. Pet., Ex. 2, p. 62. By Decision dated May 3, 2006, the Governor reversed the finding of the Board.

      As asserted by Petitioner, the Governor may only reverse the Board's finding of parole suitability on the basis of the same factors which were presented to and considered by the Board. Cal. Const., art. V, sec. 8(b). The Governor clarified in his Decision that he had reviewed the

1  record and carefully considered "the very same factors the Board must consider" in reaching his
2  conclusion that Petitioner was not then suitable for parole.
3        The Decision was not based solely on the circumstances of the commitment offense as set
4  forth in the Probation Report, as Petitioner has suggested. The Governor did review the
5  Probation Report (as revised by the Board based upon Petitioner's clarification of certain facts
6  contained therein), as that document was one of many before him which the Board had
7  considered in reaching its decision. However, it is abundantly clear that the Governor considered
8  each factor contained in the applicable regulations in determining Petitioner's suitability for
9  release on parole. 15 CCR sec. 2402. The Governor described Petitioner's lack of a juvenile
10 and/or adult criminal history, his attitude toward the crime, the manner in which he carried out
11 the offense, his motive, his institutional behavior, his age, future plans, and stable social history.
12 The Decision noted that Petitioner had been written up 6 times for serious rules violations, and 4
13 times for minor misconduct. It noted that Petitioner has worked hard educationally, vocationally,
14 and through self-help programs, and that Petitioner has strong support from his family and
15 marketable skills.
16       It is just as proper for the Governor as for any other reviewing body to base a parole
17 suitability decision, in part, on aspects of the commitment offense. The Governor was not
18 limited to a consideration of the offense as characterized by the Probation Report. He had before
19 him the transcript of the December 9, 2005 parole consideration hearing with Petitioner's
20 testimony of events before-during-and after the murder, and the Board member's recitation of
21 their understanding of these facts. Petitioner testified that he did not know how many times he
22 stabbed the helpless victim. When he returned to the crime scene to steal the dying victim's
23 wallet, he knew the victim was still alive yet took no steps to render aid. When questioned
24 regarding the crime by law enforcement officials, he denied having participated in the murder.
25 As to the motive, Petitioner did state that he believed the victim had assaulted a girl. However,

the girl had fled prior to Petitioner's decision to trap the victim and inflict multiple stab wounds across the victim's body, and there is no evidence that Petitioner ever asked the victim whether the girl's allegations had any basis in fact. On these facts, it cannot be said that the Governor's decision was not based upon "some evidence" in the record that Petitioner would pose a threat to public safety if released on parole at this juncture. *In re Rosenkrantz, supra,* 29 Cal.4th at 616.

The petition is DENIED.

IT IS SO ORDERED.

Dated: OCT 1 9 2006

Hon. Marla O. Anderson
Judge of the Superior Court

3

# CERTIFICATE OF MAILING

## C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on **OCT 19 2006** I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas, California, directed to each of the following named persons at their respective addresses as hereinafter set forth:

Salvatore Graffagnino (E-89844)
CTF Soledad, WA-306L
P.O. Box 705
Soledad, CA 93960-0705

Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Attn: Correctional Law Section

Pam Ham, DDA
Office of the District Attorney
240 Church St., Rm. 101
Salinas, CA 93901
*Via interoffice mail*

Dated: **OCT 19 2006**

LISA M. GALDOS,
Clerk of the Court

By: _____
     Deputy   K. Hanson

4