# EXHIBIT 9

Salvatore Graffagnino    E-89844
P. O. Box 705, WA-306L
Soledad, CA 93960-0705

RECEIVED
JAN 2 4 2007
CLERK SUPREME COURT

IN THE SUPREME COURT OF CALIFORNIA

**S149669**

In the matter of            )
                            )
SALVATORE GRAFFAGNINO       )
                            )
On Habeas Corpus.           )
                            )

RECEIVED
JAN 2 4 2007
CLERK SUPREME COURT

TO THE HONORABLE CHIEF JUSTICE OF THE CALIFORNIA SUPREME COURT AND THE ASSOCIATE JUSTICES OF THE COURT:

Salvatore Graffagnino, petitioner herein, respectfully requests review following the decision of the Court of Appeal, Sixth Appellate District, filled on January 12, 2007 and received on January 16, 2007, denying his petition for writ of habeas corpus. A copy of the denial of the court of appeal is attached hereto as Exhibit A.

I

QUESTIONS FOR REVIEW

This case presents the following questions for review:

1. Is it a due process violation for the Governor to reverse a grant of parole without supporting evidence that prisoner's offense was particularly egregious?

2. Is it a due process violation for the Governor to reverse a grant of parole without supporting evidence that the prisoner currently poses an unreasonable risk or threat to public safety?

3. Is it due process violation for the Governor to rely on unchanging factors to reverse a prisoner's grant of parole?

II

NECESSITY FOR REVIEW

This case presents questions of law of first impression that are of statewide importance.

This court's decision in *In re Rosenkrantz* (2002) 29 Cal.4th 616, holds that a Board of Parole Hearings decision violates due process and must be reversed if there is not "some evidence" in the record to support it. Also, although parole may in some cases be denied on the basis of the crime, there must be evidence to support a finding that the crime was particularly egregious.

III

JURISDICTION OF THE COURT

Petitioner has exhausted all lower court remedies. Thus, petitioner having been placed in jeopardy and danger of irreparable harm, this court has jurisdiction. (*Employees Association v. City of Glendale*, 15 Cal.3d 328, 342 (1975).)

There is no issue of "comity" since both state and federal due process standards are offended. This is particularly true since the California standard of due process is more stringently protective of the individual. (*People v. Ramirez*, 25 Cal.3d 260 (1979).)

IV

**HISTORY OF THE CASE**

Petitioner pled guilty to second degree murder on February 11, 1991 and was sentenced to a term of 15 years-to-life on March 14, 1991. On December 9, 2005, Petitioner's fourth parole suitability hearing was conducted and he was found suitable and a base term of 20 years was assessed. On May 3, 2006, the Governor reversed the Board's grant of parole. On August 6, 2006, Petitioner filled a petition for Writ of Habeas Corpus in the Superior Court for the County of Monterey. On October 19, 2006, the petition was denied. On November 30, 2006, Petitioner filed a petition for Writ of Habeas Corpus in the Court of Appeal, Sixth Appellate District. On January 16, 2006, petitioner received the denial from the Sixth Appellate District.

V

**ARGUMENT**

1.  Is it a due process violation for the Governor to reverse a grant of parole without supporting evidence that prisoner's offense was particularly egregious?

The Governor may deny parole if a defendant committed his crime "in an *especially* heinous, atrocious or cruel manner." (Cal. Code Regs., tit. 15, § 2402, subd. (c)(1), italics added.)

Notwithstanding the Governor's description of petitioner's crime, it was not "atrocious" and was not committed "in an especially heinous, atrocious or cruel manner." The measure of atrociousness is not general notions of common decency or social norms, for by that yardstick all murders are atrocious. (See *In re Scott* (2004) 199 Cal.App.4th 871, 891 ["'[A]ll second degree murders by definition involve some callousness - i.e., lack of emotion or sympathy, emotional intensitivity, indifference to the feelings and suffering of others'"].) (*In re Ramirez* (2001) 94 Cal.App.4th 549, 570, disapproved on other point by *In re Dannenberg* (2005) 34 Cal.4th 1061, 1082-1083, 1100.) By that measure petitioner's crime was more commonplace than egregious.

Beside not being especially atrocious, heinous or callous, petitioner's crime over 16 years ago has lost much of its usefulness in foreseeing the likelihood of future offenses than if he had committed it five or ten years ago. (*In re Scott, supra,* 133 Cal.App.4th 573 [past crime's value for predicting future crime diminishes over time].) Moreover, petitioner's motivation for the stabbing - his rage against a rapist - augurs against any future offenses.

Instead of being atrocious, petitioner's conduct involved no more than was necessary to commit his crime. (*Rosenkrantz, supra,* 29 Cal.4th at p. 683 [cannot deny parole based on nature of offenses if defendant's acts were the bare minimum needed to commit the offense].)

The Governor's mischaracterization of the facts and speculation are not "some evidence" that petitioner's crime was

especially egregious. The Governor's actions were, therefore, arbitrary and capricious and resulted in a due process violation.

2. Is it a due process violation for the Governor to reverse a grant of parole without supporting evidence that the prisoner currently poses an unreasonable risk or threat to public safety?

For the Governor to revoke a grant of parole, he must provide relevant, reliable evidence that the potential parolee poses a current unreasonable threat to public safety. The test is not whether some evidence supports the *reasons* the Governor cites for denying parole, but whether some evidence indicates a parolee's release *unreasonably endangers public safety*. (Cal. Code Regs., tit. 15, § 2402, subd. (a) [parole denied if prisoner "will pose an unreasonable risk of danger to society if released from prison"]; see e.g. *In re Scott* (2005) 133 Cal.App.4th 573, 579 ["The commitment offense can negate suitability [for parole] only if circumstances of the crime ... rationally indicate that the offender will present an unreasonable public safety risk if released from prison"]; but see *In re Lowe* (2005) 130 Cal.App.4th 1405 [suggested "some evidence" applies to the factors, not dangerousness].) Some evidence of the existence of a particular factor does not necessarily endangers public safety.

The Governor's reasons must be viewed within the context of the other factors he must consider to see if some evidence shows petitioner continues to pose an unreasonable risk to public safety. (*In re Scott, supra,* 133 Cal.App.4th at pp. 594-595.) Applying that test, there is no evidence that petitioner is

likely to commit another crime or that his release would unreasonably endanger that public.

Regardless of whether the Governor was entitled to rely upon the commitment offense to find that petitioner posed an unreasonable risk of danger and was unsuitable for parole, the Governor's reliance on the commitment offense violates due process because it resulted in an arbitrary decision and because the facts surrounding the offense do not now constitute "some evidence" possessing "some indicia of reliability" that petitioner pose a danger to the community. (See *Superintendent v. Hill,* 472 U.S., 455 (1985): *Bigg v. Terhune,* 344 F.3d 910, 917 (2003); *Irons v. Warden of Cal. State Prison-Solano,* 358 F.Supp.2d 947; *Masoner v. State,* 2004 WL 1080177, at *1-2 (C.D.Cal. 2004)["Although the gravity of the commitment offense and other pre-conviction factors alone may be sufficient to justify the denial of a parole date at a prisoner's initial hearing, subsequent BPT [and Governor's] decisions to deny a parole date must be supported by some post-conviction evidence that the release of an inmate is against the interest of public safety"].)

The Governor's failure to demonstrate that petitioner currently poses an unreasonable risk or threat to public safety resulted in a due process violation.

3. **Is it due process violation for the Governor to rely on unchanging factors to reverse a prisoner's grant of parole?**

The Governor's reliance upon the nature of petitioner's crime to deny him parole violates due process. First, continued reliance upon the unchanging facts of petitioner's crime makes a

sham of California's parole system and amounts to an arbitrary denial of petitioner's liberty interest. Continued reliance upon the unchanging characterization of petitioner's offense amounts to converting petitioner's sentence of fifteen years to life to a term of life without the possibility of parole. Second, the circumstances of petitioner's crime do not amount to some evidence supporting the conclusion that petitioner poses an unreasonable risk of danger if release. In the parole context, the requirements of due process are met if some evidence supports the decision. (*Biggs v. Terhune,* 334, F.3d at 915.) "Some evidence," however, does not mean literally "any" evidence. If it did, the protection afforded by due process would be meaningless.

In finding petitioner unsuitable the Governor relied exclusively on an unchanging factor: the commitment offense. In assessing any due process violation is the fact that continuous reliance on unchanging circumstances transforms an offense for which California law provides eligibility for parole into a de facto life imprisonment without the possibility of parole. What is it about the circumstances of petitioner's crime which are going to change? The answer is nothing. The circumstances of the crime will always be what they were. Petitioner has no hope of ever obtaining parole except perhaps that a Governor in the future will arbitrarily hold that the circumstances were not that serious. Given that *no one* seriously contends lack of seriousness at the present time, the potential for parole in this case is remote to the point of non-existence. Petitioner's

liberty interest should not be determined by such an arbitrary, remote possibility.

The Governor's reliance on an unchanging factor to reverse petitioner's parole release date resulted in a due process violation.

## CONCLUSION

All murders represent the bases form of human behavior. Our laws, however, provide for mechanisms by which even murderers, in limited circumstances, are entitled to be paroled. The judiciary has an obligation to execute those laws. The record establishes that petitioner does not pose an unreasonable risk to public safety. Any contrary conclusion lacks any evidentiary support.

For the foregoing reasons, it is respectfully requested that this petition for review be granted in the interest of justice to address the important questions of law of a statewide importance.

DATE: January 19, 2007

Respectfully submitted,

Salvatore Graffagnino
Petitioner, In Pro Per


## DECLARATION OF SERVICE BY MAIL

I, Salvatore Graffagnino, declare:

I am a resident of the Correctional Training Facility in Soledad, California; I am over the age of eighteen (18) years; I am a party to the attached action; My address is P. O. Box 705, WA-306L, Soledad, CA 93960-0705; I served the attached document entitled:

**REQUEST FOR REVIEW**

on the persons/parties specified below by placing a true copy of said documents into a sealed envelope with the proper postage affixed and surrendering said envelope to the staff of the Correctional Training Facility entrusted with the logging and mailing of inmate legal mail addressed as follows:

Supreme Court of California
350 McAllister Street
San Francisco, CA 94102

California Court of Appeal
Sixth Appellate District
333 West Santa Clara Street, #1060
San Jose, CA 95113-1717

State of California
Office of the Attorney General
Department of Justice
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004

There is First Class mail delivery service by the United States Post Office between the place of mailing and the addresses indicated above. I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct, and I executed this service this 30th day of January, 2007, at the Correctional Training Facility in Soledad, California.

*/s/ Salvatore Graffagnino*
Salvatore Graffagnino