IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVATORE GRAFFAGNINO,<br><br>    Petitioner,<br><br>  vs.<br><br>BEN CURRY, Warden,<br><br>    Respondent.<br>_____/ | No. C 07-3728 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. This Court ordered Respondent to show cause why a writ should not issue. Respondent filed an answer and a memorandum of points and authorities in support of the answer. He also lodged the record with the Court. Petitioner has filed a traverse. For the reasons stated below, the petition is denied on the merits.

**BACKGROUND**

Petitioner was convicted of second degree murder in Monterey County Superior Court. On March 14, 1991, he was sentenced to fifteen years to life in state prison. In this habeas action, Petitioner challenges the governor's reversal of a grant of parole by the Board of Parole Hearings. The grant of parole was on December 9, 2005, and the governor's reversal was on May 3, 2006. Petitioner filed state habeas petitions directed to the governor's reversal in the Superior Court of California in and for Monterey County, the California Court of Appeal, and the California Supreme Court. All his petitions were denied; only the superior court provided a reasoned decision.

**DISCUSSION**

**I.    Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the Petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this Court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d). Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

**II.    Respondent's Claims**

In order to preserve the issues for appeal, Respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process

2

protections available are a right to be heard and a right to be informed of the basis for the denial – that is, Respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions are contrary to Ninth Circuit law, they are without merit. *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

### III. Petitioner's Claims

As grounds for federal habeas relief, Petitioner claims that (1) the governor violated his due process rights by reversing the parole board's grant of parole without evidence that Petitioner would be a danger to society if released; and (2) the governor violated his rights by relying on the nature of his offense after he had served his minimum term.

#### 1. "Some Evidence"

Petitioner contends that there was no evidence to support the governor's reversal of the parole board's grant of parole, so the denial was a violation of his due process rights.

The Ninth Circuit has held that it violates due process if parole is denied without "some evidence in the record" to support the denial or if the denial is "otherwise arbitrary.*" Irons*, 479 F.3d at 662 (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by

3

the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

It is now established under California law that the task of the Board of Parole Hearings and the governor is to determine whether the prisoner would be a danger to society if he or she were paroled. *See In re Lawrence*, 44 Cal. 4th 1181 (2008). The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole. *Id.* at 1205-06.

The governor based his reversal of the Board's grant of parole on the circumstances of the offense. He set out the facts of the offense:

> Around midnight on October 8, 1990, Salvatore Graffagnino and his two crime partners beat and stabbed to death 11-year-old Jose Gonzalez.
>
> According to the probation report, 21-year-old Mr. Graffagnino, his brother, 22-year-old Joe Graffagnino, Chuck Altemeyer, and two female juveniles were partying in a field in Salinas when a girl ran nearby yelling for help. She told them a man tried to rape her, to which Mr. Graffagnino said something like, "the guy's gonna pay." Shortly thereafter, the man said to have attacked the girl, later identified as Mr. Gonzalez, drove his car towards the group. Mr. Graffagnino used his care to push Mr. Gonzalez's car to a place where he could not drive off. Mr. Graffagnino them jumped out of the car and, along with his brother and Mr. Altemeyer, at some point attached Mr. Gonzalez. Mr. Altemeyer beat him and Mr. Graffagnino stabbed him repeatedly.
>
> After attaching Mr. Gonzalez, the three returned to their cars and ultimately left the scene. Mr. Gonzalez was transported to a medical center after responding officers found him at the scene; he was in his car, slumped over the center console. He died a short time later from his injuries.

(Ex. 4 at 1.)[1]

---

[1] Citations to "Ex." are to the record lodged with the court by the Attorney General.

4

The governor also noted that "after initially leaving, [Petitioner] returned to the scene of the attack with a friend, Mr. Blaylock, and saw that Mr. Gonzalez was still alive – yet left him there a second time without rendering aid or notifying authorities." *Id.* at 2.

At the time the governor reversed the grant of parole Petitioner was approximately thirty-seven years old and had served a bit more than fifteen years on his sentence of fifteen years to life. A significant time had passed since the offense when the governor made his decision. Even so, at least two factors show the extreme brutality of the attack: (1) there is no suggestion in the record that Petitioner knew the prostitute whom the victim purportedly attempted to rape, which along with the frenzied nature of the attack, suggests that the murder was committed more out of a desire for violence and brutality than anything else; and (2) petitioner's return to the scene with another friend who had not been involved in the attack, and his failure to render aid to the dying victim, suggests that he possessed a uniquely vicious character at that time. In the face of these facts, Petitioner's contention that his crime was not "particularly egregious" is wrong.

Even the passage of fifteen years is not sufficient to erase the evidentiary value these facts. There was some evidence to support the governor's reversal.

### 2. Reliance on Unchanging Factors

Petitioner contends that the governor violated his due process rights by relying on the unchanging factor of the circumstances of the offense as grounds for denying parole. In support of the argument that doing so violates due process he cites *Biggs v. Terhune*,

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

In *Biggs* the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the

5

face of evidence of rehabilitation. 334 F.3d at 916-17. No legal rationale for this statement was provided, and it was unclear whether the court was suggesting that the continued denial of parole would be a new sort of due process violation or whether it was simply expressing the thought that with the passage of time the nature of the offense could cease to be "some evidence" that the prisoner would be a danger if paroled. This ambiguity was helpfully cleared up in *Irons*, where the court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Irons*, 505 F.3d at 853-54. It appears, putting together the brief discussions in *Biggs* and *Irons*, that the court meant that at some point denial of parole based on long-ago and unchangeable factors, when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and violate due process. As the dissenters from denial of rehearing en banc in *Irons* point out, in the Ninth Circuit what otherwise might be dictum is controlling authority if the issue was presented and decided, even if not strictly "necessary" to the decision. *Irons v. Carey*, 506 F.3d 951, 952 (9th Cir. Nov. 6, 2007) (dissent from denial of rehearing en banc) (citing and discussing *Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir.2005)).

Depending on whether the discussion of dictum in the dissent from denial of rehearing en banc in *Irons* is correct, it thus may be that the Ninth Circuit has recognized that due process right, which for convenience will be referred to in this opinion as a "*Biggs* claim." Here, petitioner's second issue is a "*Biggs* claim," in that he contends that simply using the circumstances of his offense as grounds for the governor's reversal violates due process, separate from his "some evidence" claim.

Petitioner has failed to establish the predicate for his *Biggs* claim. Even assuming for purposes of this discussion that *Biggs* and *Irons* recognized an abstract due process right not to have parole repeatedly denied on the basis of the facts of one's crime and in the face of extensive evidence of rehabilitation, and also assuming arguendo that the right was violated in petitioner's case, petitioner still cannot obtain relief on this theory, because as there is no clearly-established United States Supreme Court authority

recognizing a "*Biggs* claim." The state courts' rulings therefore could not be contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

## CONCLUSION

The petition for a writ of habeas corpus is DENIED. A certificate of appealability is DENIED. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: April 22, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

G:\JSWALL\Pro-Se Prisoner\2007\Graffagnino3729.RUL.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SALVATORE GRAFFAGNINO,

      Plaintiff,

  v.

BEN CURRY et al,

      Defendant.

Case Number: CV07-03728 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Salvatore Graffagnino
E89844
P.O. Box 705
Soledad, CA 93960-0705

Dated: April 22, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk